**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**RICHARD ROBINSON,**

   *Plaintiff,*

**v.**                                                    **Case No.  SA-25-CV-00381-JKP**

**BANK OF AMERICA, N.A.,**

   *Defendant.*

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Bank of America's (BOA) Motion to Dismiss and Motion for Leave to File Motion to Dismiss. *ECF Nos. 7,32*. BOA also filed a Motion for Summary Judgment asserting the same arguments as the Motion to Dismiss. *ECF No. 33*. Plaintiff Richard Robinson responded to the Motion to Dismiss (*ECF No. 23*) but did not respond to the Motion for Leave to File the Motion to Dismiss or the Motion for Summary Judgment. Upon considera-tion, the Motion for Leave to File Motion to Dismiss (*ECF No. 32*) is **GRANTED**. The Motion to Dismiss (*ECF No. 7*) is **GRANTED**. The Motion for Summary Judgment is **DISMISSED as MOOT**.

**Factual Background**

Following removal of this action from state court, Robinson filed a Second Amended Complaint. *ECF No. 3*. Construing his Second Amended Complaint broadly, Robinson alleges he noticed in September 2022 that someone hacked into and withdrew approximately $6,000 from the deposit account he maintains at BOA. When he noticed the unauthorized withdrawal of

funds, Robinson alleges he notified BOA and was told his account would be frozen during inves-

tigation. Robinson alleges:

> It was explained that after an account review they would give him access to his account. [He] patiently waited for the review period to pass and was hoping to have his money refunded in December 2024.
>
> When he returned to the bank in December 2022, he was told that his accounts were NOW empty and that he would not be given his funds back. [BOA] also attempted to debit him for charges that [BOA] had allowed to overdraft - while the accounts were frozen - and he had no access to his money.
>
> Between September 19, 2022 and December 2022, [BOA] allowed third parties access to drain his account <u>while it was frozen</u> to [Robinson].

*ECF No. 3.*

Based upon these allegations, Robinson asserts a cause of action for violation of the Texas Deceptive Trade Practices Act.

On April 29, 2025, BOA filed a Motion to Dismiss the Complaint for failure to state a claim. *ECF No. 7.* Magistrate Judge Chestney entered an order on July 17, 2025, noting Robinson failed to appear at the scheduled Initial Pretrial Conference, and failed to respond to BOA's Motion to Dismiss. Magistrate Judge Chestney and ordered Robinson to respond by July 31, 2025. *ECF No. 13.* Then, on July 29, 2025, Magistrate Judge Chestney entered an order noting Robinson's original counsel, Gregory T. Van Cleave, was suspended from the practice of law by the State Bar of Texas until June 30, 2030. *ECF No. 14.* Magistrate Judge Chestney ordered Gregory T. Van Cleave to withdraw his representation after notifying Robinson of the withdrawal, and ordered BOA's Motion to Dismiss be held in abeyance until Robinson's "intent to proceed pro se is clarified." *Id.*

Upon Magistrate Judge Chestney's Order, this Court ordered Gregory T. Van Cleave to immediately inform Plaintiff of the deadline for hiring new counsel (August 28, 2025), and to file an advisory with the Court by August 4, 2025, attesting to his compliance. *ECF No. 15.* The

same Order dismissed Defendant's Motion to Dismiss subject to refiling. *Id*. No advisory was filed by the deadline of August 4, 2025. Instead, Robinson's new substituted counsel, Albert Van Cleave, filed an advisory on August 11, 2025, stating Robinson intended to file a response to BOA's Motion to Dismiss. *ECF No. 16*. Robinson filed this Response on September 30, 2025. *ECF No. 23*.

In the interim, on August 11, 2025, Albert Van Cleave filed an explanation as to his late response to the prior show-cause orders, describing "issues with [his] PACER account." *ECF No. 17*. On August 13, 2025, Magistrate Judge Chestney, again, ordered the Van Cleave law firm to file an advisory with the Court indicating that Robinson had been made aware of the August 28, 2025, deadline to obtain new counsel, and to file an advisory regarding same with the Court by August 18, 2025. *ECF No. 18*. On September 8, 2025, having received no additional filings from the Van Cleave law firm, Magistrate Judge Chestney returned the case to this Court to consider a dismissal for want of prosecution. *ECF No. 19*.

On September 9, 2025, this Court entered a Show Cause Order requiring the Van Cleave law firm to respond to a multitude of issues, including whether Plaintiff had been informed of his options in the Present Action, on or before September 19, 2025. *ECF No. 20*. On September 19, 2025, Albert W. Van Cleave filed a response stating that "Van Cleave Law, PLLC is in the process of Updating a new engagement letter that will address the firm Van Cleave Law, PLLC being hired by the plaintiff. The fact of its signing will be updated to the Court when it occurs." *ECF No. 21*. Finding Albert Van Cleave "responded to enough of the Court's requirements in the Show Cause Order to avoid sanctions," on September 22, 2025, this Court ordered Robinson to file a Response to the Pending Motion to Dismiss for Failure to State a Claim before September 30, 2025. *ECF No. 22*. As noted, Plaintiff did so. *ECF No. 23*. In a Response to the Court's

Show Cause Order, Robinson requested the Court consider his original Response to the Motion to Dismiss (*ECF No. 23*) and rule on the pending Motion to Dismiss. *ECF No. 30*.

**Legal Standard**

To provide opposing parties fair notice of the asserted cause of action and the grounds upon which it rests, every pleading must contain a short and plain statement of the cause of action which shows the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To satisfy this requirement, the Complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555-558, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted causes of action. *Id.*; *Twombly*, 550 U.S. at 563 n.8. Thus, to warrant dismissal under Federal Rule 12(b)(6), a Complaint must, on its face, show a bar to relief or demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.,* 9 F. Supp.2d 734, 737–38 (S.D.Tex. 1998). "Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); *Vander Zee v. Reno,* 73 F.3d 1365, 1368 (5th Cir. 1996).

In assessing a Motion to Dismiss under Federal Rule 12(b)(6), the Court's review is limited to the Complaint and any documents attached to the Motion to Dismiss, which are also referred to in the Complaint and central to the plaintiff's claims. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). When reviewing the Complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favora-

ble to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)(quoting *Jones v. Greninger*, 188 F.3d at 324).

A Complaint should only be dismissed under Federal Rule 12(b)(6) after affording every opportunity for the plaintiff to state a claim upon which relief can be granted, unless it is clear amendment would be futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Hitt v. City of Pasadena,* 561 F.2d 606, 608–09 (5th Cir. 1977); *DeLoach v. Woodley,* 405 F.2d 496, 496-97 (5th Cir. 1968). Consequently, when it appears a more careful or detailed drafting might overcome the deficiencies on which dismissal is sought, a Court must allow a plaintiff the opportunity to amend the Complaint. *Hitt,* 561 F.2d at 608–09. A court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds that the plaintiff alleged his best case or amendment would be futile. *Foman,* 371 U.S. at 182; *DeLoach*, 405 F.2d at 496–97.

## Discussion

BOA contends Robinson's pleading fails because his allegations sound in recovery for breach of contract, not DTPA, and therefore, his claims are barred by the economic loss doctrine; Robinson fails to allege a DTPA claim with sufficient particularity pursuant to Federal Rule 9(b), and; Robinson is not a "consumer" under the DTPA.

Robinson uses his Response to the Motion to Dismiss as an attempt to clarify and cure the deficiencies in pleading pointed out by BOA but does not present any responsive arguments.

The DTPA provides consumers with a cause of action for a business's false, misleading, or deceptive acts or practices. *See* Tex. Bus. & Com. Code § 17.50(a); *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 649 (Tex. 1996); *Hunter v. Navy Fed. Credit Union*, 749 F.Supp.3d 743, 754 (N.D. Tex. 2024). The underlying purpose of the DTPA is to protect consumers against false, misleading, and deceptive business practices, unconscionable actions, and breaches of warranty. Tex. Bus. & Com. Code § 17.44. To assert a cause of action for violation of the DTPA, a

plaintiff must allege facts sufficient to support: (1) the plaintiff was a consumer; (2) the defendant either engaged in false, misleading or deceptive acts (i.e., violated a specific laundry-list provision of the DTPA) or engaged in an unconscionable action or course of action; and (3) the DTPA laundry-list violation or unconscionable action was a producing cause of the plaintiff's injury. *Hunter*, 749 F.Supp.3d at 754; *Doe v. Boys Clubs of Greater Dallas*, 907 S.W.2d 472, 478 (Tex. 1995); *see also* Tex. Bus. & Com. Code § 17.50(a)(1).

Federal Rule 9(b) provides: "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Some district courts in the Fifth Circuit apply the stringent Rule 9(b) pleading requirements to all DTPA claims. *See e.g., Frith v. Guardian Life Ins. Co. of Am.*, 9 F.Supp.2d 734, 742 (S.D. Tex. 1998) ("Claims alleging violations of the Texas Insurance Code and the DTPA ... are subject to the requirements of Rule 9(b)") (citation omitted); *see also e.g., Patel v. Holiday Hosp. Franchising, Inc.*, 172 F.Supp.2d 821, 825 (N.D. Tex. 2001) ("Claims alleging violations of the DTPA are subject to the requirements of Rule 9(b)") (citations omitted). Other district courts, including those in this Western District, apply the Federal Rule 9(b) pleading standard to a DTPA cause of action only when it relies upon "the same set of facts that support a fraud claim." *See e.g., Bauer v. AGCO Corp.*, 770 F.Supp.3d 957, 964 (W.D. Tex. 2025) (declining to apply Federal Rule 9(b) when plaintiff alleges breach of an express warranty, not fraud) (citation omitted); *see also e.g., Ranzy v. Extra Cash of Tex., Inc.*, No. 4:09-cv-03334, 2011 WL 6719881, at *4-5 (S.D. Tex. Dec. 21, 2011) ("There are cases that have applied Rule 9(b)'s heightened specificity requirements to claims under the DTPA, but in those cases the underlying claims involved fraud."). The Fifth Circuit has not ruled specifically on this issue. *See Stephanie Siantou v. Safeco Ins. Co. d/b/a American Economy Ins. Co.*, No. 5:24-CV-00721, 2026 WL 834719, at *10 (W.D. Tex.

6

Feb. 23, 2026), Report and Recommendation adopted, 2026 WL 826612 (W.D. Tex. Mar. 24, 2026).

In any event, this Court need not determine whether the more stringent pleading requirement required by Federal Rule 9(b) applies under these facts because Robinson's pleading fails to meet the less stringent requirements of Federal Rule 8(a).

Liberal review of the Second Amended Complaint reveals Robinson intends to base the asserted DTPA cause of action on BOA's unconscionable action. *See ECF No. 3, pp. 3-4*. Under the DTPA, an unconscionable action is defined as, "an act or practice which, to a consumer's detriment, takes advantage of the lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree." Tex. Bus. & Com.Code § 17.45(5). To allege an unconscionable action or course of conduct, a plaintiff must assert facts to support the defendant "took advantage of [the plaintiff's] lack of knowledge and that the resulting unfairness was glaringly noticeable, flagrant, complete, and unmitigated." *Ins. Co. of N. Am. v. Morris*, 981 S.W.2d 667, 677 (Tex. 1998)(internal citations and quotation marks omitted). The plaintiff must allege an act or practice that could have resulted in liability even in the absence of a contract between the parties. *Shakeri v. ADT Sec. Servs., Inc.*, 816 F.3d 283, 295 (5th Cir. 2016) (quoting *Crawford v. Ace Sign, Inc.*, 917 S.W.2d 12, 13 (Tex. 1996) (per curiam)).

Robinson alleges BOA's unconscionable action is that its

> agents were very aware that Mr. Robinson used the funds in his business account for business purposes. They had to know that taking all of his working capital would hurt him. Robinson chose to keep his money in Bank of America because Bank of America represents to its customers that the funds are safe because they are federally insured. This is why Robinson used them as opposed to keeping money in his home.
>     In choosing to not provide Mr. Robinson with the refund of his federally insured monies, it is the belief of Mr. Robinson that [BOA] was acting unconscionably. The DTPA defines an 'unconscionable action' as one that 'takes advantage of the lack of knowledge, ability, experience, or capacity of a per-

son to a grossly unfair degree.' This perfectly defines the conduct of BOA's conduct. BOA specifically withheld monies that were promised to be returned after a specific time period had elapsed.

*ECF No. 3, pp. 3-4.*

Construed liberally, Robinson appears to allege BOA acted unconscionably by failing to protect his deposit funds from theft while his account was frozen for investigation and by failing to return his alleged deposit funds that were stolen while his account was frozen for investigation of theft. These allegations are not plausible to support a violation of the DTPA based upon an unconscionable act. The alleged action does not amount to BOA taking advantage of Robinson's lack of knowledge or that there was any resulting unfairness or advantage that was glaringly noticeable, flagrant, and unmitigated. *See Ins. Co. of N. Am*, 981 S.W.2d at 677. Robinson pleads no facts to demonstrate BOA "[took] advantage of [his] lack of knowledge, ability, experience, or capacity ... to a grossly unfair degree." *See* Tex. Bus. & Com. Code § 17.45(5) (defining "unconscionable action or course of action).

In addition, Robinson fails to allege any act or practice that could have resulted in liability under the DTPA even in the absence of a contract between the parties. *Shakeri*, 816 F.3d at 295 (quoting *Crawford*, 917 S.W.2d at 13). Robinson's allegations that BOA misrepresented to him "the funds are safe because they are federally insured," amount to a complaint that BOA did not comply with the terms of the deposit account agreement and, if true, BOA's actions contrary to these representations result only in a breach of contract claim. *See Frost Nat'l Bank v. Heafner*, 12 S.W.3d 104, 111–12 (Tex. App.—Houston [1st Dist.] 1999, pet. denied). Because the alleged unconscionable actions upon which Robinson relies sound in a breach-of-contract cause of action or in breach of express warranty, they do not support a claim for unconscionable conduct. *See Shakeri*, 816 F.3d at 295 (affirming dismissal of an unconscionable-conduct claim because it "amounts to a breach of contract claim"). Therefore, these allegations do not provide

sufficient factual bases to support any viable DTPA cause of action based upon an unconscionable act by BOA.

In addition, by alleging an unidentified BOA employee "stated that the funds in their bank would be federally guaranteed," Robinson appears to conflate the safety and security of deposited funds created by the parties' deposit agreement with the insured guarantee provided by the Federal Deposit Insurance Corporation ("FDIC") as a conservator or receiver of a failing financial institution. *See* 12 U.S.C. §§ 1821(c)-(d) (describing the FDIC's powers and generally defining the FDIC's powers over the insurance). However, the protection provided by the FDIC as a "federal guarantee" do not apply under these facts and does not give rise to a DTPA cause of action. *See id*.

In the Second Amended Complaint, Robinson goes on to allege BOA violated three specific provisions of the "laundry list" constituting specific violations of the DTPA by specifically stating that "funds in their bank would be federally guaranteed," by promising Robinson that the federally-guaranteed funds would be returned after an investigation, and then failing to honor this promise by failing to return all funds to Robinson that he alleges were stolen from his account. *ECF No. 3, pp. 4-5*.

These assertions appear to be vague complaints that BOA did not comply with the terms of the deposit account agreement. As stated, even accepted as true, these representations result only in a breach of contract claim. *See Crawford*, 917 S.W.2d at 14–15; *Frost Nat'l Bank*, 12 S.W.3d 104, 111–12 (Tex. App.—Houston [1st Dist.] 1999, pet. denied).

Because the Second Amended Complaint provides no basis for a cause of action for violation of the DTPA, BOA's Motion to Dismiss will be granted.

**Conclusion**

For the reasons stated, BOA's Motion for Leave to File Motion to Dismiss (*ECF No. 32*) is **GRANTED**. The Motion to Dismiss (*ECF No. 7*) is **GRANTED**. The Motion for Summary Judgment (*ECF No. 33*) is **DISMISSED as MOOT.**

It is so ORDERED.
SIGNED this 29th day of April, 2026.


_____
JASON  PULLIAM
UNITED STATES DISTRICT JUDGE

10